1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, | Case No.  1:22-cv-00792-BAM |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER |
| v. | |
| PETCO ANIMAL SUPPLIES STORES, INC., | |
| Defendant. | (Doc. 16) |

## I.    Background

Plaintiff Fernando Gastelum ("Plaintiff"), proceeding *pro se*, filed the instant action on June 27, 2022.  (Doc. 1.)  Defendant Petco Animal Supplies Stores, Inc. ("Defendant") filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on September 12, 2022.[1]  (Doc. 5.)  In lieu of a response, Plaintiff filed a first amended complaint. (Doc. 12.)  Based on the filing of the first amended complaint, the Court denied Defendant's motion to dismiss as moot and permitted Defendant to file a renewed motion to dismiss Plaintiff's first amended complaint. (Doc. 14.)

On October 11, 2022, Defendant filed and served a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 15.)  The motion

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1   was set for hearing before the undersigned on December 2, 2022.  Plaintiff did not file a timely

2   opposition or otherwise respond to the motion.  *See* L.R. 230(c).[2]

3          On November 15, 2022, the Court issued an order directing Plaintiff to show cause in

4   writing, within twenty-one (21) days of service of the order, why the action should not be

5   dismissed, with prejudice, for Plaintiff's failure to prosecute this action.  (Doc. 16.)  The Court

6   informed Plaintiff that he could comply with the Court's order by filing an opposition or

7   statement of non-opposition to Defendant's motion to dismiss the first amended complaint.  (*Id.*

8   at 2.)  Plaintiff was expressly warned that if he failed to comply the Court's order, then this matter

9   would be dismissed, with prejudice, for failure to prosecute.  (*Id.*)  Plaintiff has not responded to

10  the Court's order to show cause, and the time in which to do so has expired.  Plaintiff also has not

11  filed an opposition to Defendant's motion or otherwise contacted the Court regarding this action.

12  **II.    Discussion**

13         Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

14  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

15  within the inherent power of the Court."  District courts have the inherent power to control their

16  dockets and "[i]n the exercise of that power they may impose sanctions including, where

17  appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

18         A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

19  action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v.*

20  *Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

21  *v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an

22  order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33

23  (9th Cir. 1987) (dismissal for failure to comply with court order).

24         In determining whether to dismiss an action, the Court must consider several factors:

25  (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its

26  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

27

28  ---

[2] Local Rule 230(c) provides that the failure to file a timely opposition may be construed by the Court as a non-opposition to the motion.

1    cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

2    F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

3         Here, the action has been pending since June 2022, and Plaintiff's response or opposition

4    to Defendant's motion to dismiss the first amended complaint is overdue.  By way of the Court's

5    order to show cause, Plaintiff was granted additional time to submit his opposition to Defendant's

6    motion to dismiss, but he has failed to comply.  Plaintiff was warned that his failure to comply

7    with the Court's order would result in dismissal, with prejudice, for failure to prosecute.

8         Plaintiff is obligated to comply with the Local Rules and was informed by this Court of

9    the need to oppose the motion to dismiss.  Despite Plaintiff's duty to comply with all applicable

10   rules and the order, Plaintiff did not file an opposition.  Plaintiff has not provided any indication

11   that he is attempting to prepare, or that he intends to submit, an opposition to Defendant's motion

12   to dismiss.  The Court cannot effectively manage its docket if a party ceases litigating the case.

13   Thus, both the first and second factors weigh in favor of dismissal of this action.

14        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because

15   a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

16   action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because public policy favors

17   disposition on the merits, the fourth factor usually weighs against dismissal.  *Pagtalunan v.*

18   *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party

19   whose responsibility is to move a case toward disposition on the merits but whose conduct

20   impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA)*

21   *Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

22        Finally, the Court's warning to a party that failure to obey the Court's order will result in

23   dismissal satisfies the "considerations of the alternatives requirement."  *Ferdik*, 963 F.2d at 1262;

24   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's November 15, 2022 order

25   expressly warned Plaintiff that if he failed to comply with the order, then this matter would be

26   dismissed, with prejudice, for failure to prosecute.  (Doc. 16 at 2.)  Thus, Plaintiff had adequate

27   warning that dismissal of this action could result from his noncompliance.  Further, at this stage

28   in the proceedings there is little available to the Court which would constitute a satisfactory lesser

sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case. The Court cannot and will not expend its limited resources resolving an unopposed dispositive motion in a case that Plaintiff is no longer prosecuting.

## III.      Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, based on Plaintiff's failure to prosecute and failure to obey a court order. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   __December 19, 2022__            ____/s/ *Barbara A. McAuliffe*____
                                          UNITED STATES MAGISTRATE JUDGE

4